# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KARYN MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| TRANS UNION LLC, EXPERIAN | ) |
| INFORMATION SOLUTIONS, INC., | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES, LLC, and NCB | ) |
| MANAGEMENT SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

## **PLAINTIFF'S COMPLAINT**

Plaintiff, KARYN MILLER ("Plaintiff"), through her attorney, HORMOZDI LAW FIRM, LLC, alleges the following against Defendants, TRANS UNION LLC ("Trans Union"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax") and NCB MANAGEMENT SERVICES, INC. ("NCB Management Services") (collectively "Defendants"):

1

## INTRODUCTION

1. Counts I to IV of Plaintiff's Complaint are based on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and Regulation V, 12 C.F.R. part 1022.

2. Count V of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

3. This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq*., the FDCPA 15 U.S.C. § 1692k, as well as pursuant to 28 U.S.C. §§ 1331 and 1337.

4. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is an individual who was at all relevant times residing in the City of Stone Mountain, DeKalb County, Georgia.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by the FCRA and FDCPA.

7. Defendant Trans Union is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Georgia, is a citizen of the state of Georgia.

8. Defendant Experian is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Georgia, is a citizen of the state of Georgia.

9. Defendant Equifax is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Georgia, is a citizen of the state of Georgia.

10. At all relevant times Defendants Trans Union, Experian and Equifax each were a "consumer reporting agency" as that term is defined by the FCRA.

11. Defendant NCB Management Services regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Georgia, is a citizen of the state of Georgia.

12. At all relevant times, Defendant NCB Management Services was a "furnisher" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

13. At all relevant times, Defendants each were a "person" as that term is defined by the FCRA.

14. Defendant NCB Management Services is a "debt collector" as that term is defined by the FDCPA.

15. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

## FACTUAL ALLEGATIONS

16. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

17. Defendants Trans Union, Experian and Equifax have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter, the "inaccurate information").

18. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit, named: NCB Management Services.

19. On or about June 17, 2020, Plaintiff sent a letter to Defendant NCB Management Services informing it of the inaccurate reporting of the trade-line.

20. In Plaintiff's letter dated June 17, 2020:

    a. Plaintiff disputed owing the alleged debt.

    b. Plaintiff requested for validation of the alleged debt.

21. In or around July 2020, Plaintiff received a letter from Defendant NCB Management Services dated July 20, 2020.

22. In Defendant NCB Management Services' letter dated July 20, 2020:

    a. Defendant NCB Management Services stated it was unable to substantiate Plaintiff's dispute or verify the account information.

    b. Defendant NCB Management Services did not provide validation of the alleged debt.

23. On or about July 27, 2020, Plaintiff sent a letter to Defendants Trans Union, Experian and Equifax informing them of the inaccurate reporting of the trade-line.

24. In Plaintiff's letter dated July 27, 2020:

    a. Plaintiff informed Defendants Trans Union, Experian and Equifax of the response letter she received from Defendant NCB Management Services.

    b. Plaintiff informed Defendants Trans Union, Experian and Equifax that Defendant NCB Management Services could not verify or validate the trade-line.

    c. Plaintiff requested that Defendants Trans Union, Experian and Equifax correct the inaccurate trade-line.

    d. Plaintiff requested that Defendants Trans Union, Experian and Equifax remove the inaccurate trade-line.

25. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's worthiness.

26. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

27. On or about July 27, 2020, Plaintiff disputed the inaccurate information with Defendants by written communication to their representatives [and by following Defendants' Trans Union, Experian and Equifax established procedure for disputing consumer credit information].

28. Upon information and belief, Defendants Trans Union, Experian and Equifax notified NCB Management Services of Plaintiff's dispute and the nature of the dispute.

29. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendants Trans Union, Experian and Equifax, Defendant NCB Management Services received notification from Defendants

Trans Union, Experian and Equifax of Plaintiff's dispute and the nature of the dispute.

30. Upon information and belief, Defendants Trans Union, Experian and Equifax received the results of Defendant NCB Management Services investigation as to Plaintiff's dispute.

31. Upon information and belief, Defendants Trans Union, Experian and Equifax updated the reporting of the account at issue solely based upon the information it received from Defendant NCB Management Services in response to Plaintiff's dispute.

32. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, have failed to remove the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

33. At all times pertinent hereto, Defendants were acting by and through Defendants' agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants.

34. At all times pertinent hereto, the conduct of Defendants, as well as that of Defendants' agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

35. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Impeded Plaintiff's ability to obtain credit;

   b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   d. Denial of credit, loans, financing and/or other damages, not within five (5) days of Plaintiff disputing the inaccurate information with yet known by Plaintiff; and

   e. Decreased credit score which may result in inability to obtain credit on future attempts.

# COUNT I
# DEFENDANT TRANS UNION VIOLATED THE FAIR CREDIT REPORTING ACT

36. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-five (35) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

37. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff for engaging in the following conduct:

    a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

    e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

38. The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to

Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, KARYN MILLER, respectfully requests judgment be entered against Defendant, TRANS UNION LLC, for the following:

   a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

   e. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT

39. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-five (35) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

40. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

   e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

41. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, KARYN MILLER, respectfully requests judgment

be entered against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for the following:

    a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    e. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT EQUIFAX VIOLATED THE FAIR CREDIT REPORTING ACT

42. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-five (35) of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

43. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to Plaintiff for engaging in the following conduct:

    a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

    e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

44. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, KARYN MILLER, respectfully requests judgment be entered against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for the following:

    a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    e. Any other relief that this Honorable Court deems appropriate.

## COUNT IV
## DEFENDANT NCB MANAGEMENT SERVICES VIOLATED THE FAIR CREDIT REPORTING ACT

45. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-five (35) of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

46. Defendant NCB Management Services violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

    a. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

    b. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    c. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    d. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

    e. Willfully and negligently failing to establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency pursuant to Regulation V.12 C.F.R. § 1022.42(a).

47. NCB Management Services' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, NCB Management Services is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, KARYN MILLER, respectfully requests judgment be entered against Defendant, NCB MANAGEMENT SERVICES, INC., for the following:

    a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

## COUNT V
## DEFENDANT NCB MANAGEMENT SERVICES VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-five (35) of Plaintiff's Complaint as the allegations in Count V of Plaintiff's Complaint.

49. Defendant NCB Management Services violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to report the alleged debt to Plaintiff's credit report after Plaintiff disputed the alleged debt;

   b. Defendant violated § 1692e(10) by using false representations or

deceptive means to collect or attempt to collect any debt, when Defendant disregarded Plaintiff's dispute of the alleged debt and continued to deceptively perpetuate the false representation that Plaintiff owes a debt – and continued to do so when Defendant could not verify or validate Plaintiff's account;

c. Defendant violated § 1692g(a)(3) of the FDCPA by continuing to assume the validity of the alleged debt, when Plaintiff disputed of the validity of the debt in writing and after being notified by Defendants Trans Union, Experian and Equifax of the Plaintiff's dispute which they received from Plaintiff; and

d. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in each of the foregoing violations.

WHEREFORE, Plaintiff, KARYN MILLER, respectfully requests judgment be entered against Defendant, NCB MANAGEMENT SERVICES, INC., for the following:

a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c. Any other relief that this Honorable Court deems appropriate.

DATED:  January 11, 2021                              RESPECTFULLY SUBMITTED,


By:_/s/Shireen Hormozdi_____
Shireen Hormozdi
SBN: 366987
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com
Attorney for Plaintiff